UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **THERESA RICHARD** | **CIVIL ACTION NO.** |
| **VERSUS** | **JUDGE:** |
| **KELLY P. GIBSON, individually and in his official capacity as police chief of the Crowley Police Department, SCOTT FOGLEMAN, individually and in his Official capacity as a lieutenant for the Crowley Police Department, and SKEAT THIBODEAUX, individually and in his official capacity as a police officer for the Crowley Police Department, and CITY OF CROWLEY** | **MAGISTRATE:**<br><br>**JURY TRIAL REQUESTED** |

**COMPLAINT FOR DAMAGES**

TO THE HONORABLE, THE UNITED STATES DISTRICT COURT IN AND FOR THE WESTERN DISTRICT OF LOUISIANA:

### INTRODUCTION

This is an action for money damages brought pursuant to 42 U.S.C. § 1983, *et seq.* and § 1988 as an action at law, statute, ordinance, regulation, custom or usage of rights, privileges, or immunities secured by the Constitution of the United States, including, but not necessarily limited to, the First and Fourteenth Amendment, and/or by Acts of Congress, the Constitution, and the laws and statutes of the State of Louisiana against defendants Kelly P. Gibson, individually and in his official capacity as Police Chief of the Crowley Police Department, Scott Fogleman, Skeat Thibodeaux, and the City of Crowley.

## JURISDICTION

1.

This action for monetary damages is brought pursuant to 42 U.S.C. § 1983 as well as the Constitution of the United States and the State of Louisiana, the United States Code, Louisiana Civil Code and the Revised Statues of Louisiana. Jurisdiction is founded on 28 U.S.C. § 1331 and 28 U.S.C. § 1343.  The plaintiff further invokes jurisdiction of this Honorable Court, under 28 U.S.C. § 1367 to adjudicate claims arising under the Laws of the State of Louisiana.

2.

The Complaint further alleges that the defendants are liable jointly, severally, and *in solido* (or according to such determination as the Court may make) to the complainant for the damages, costs, fees, and expenses described in this Complaint for the reasons described in the following sections of this Complaint.

## VENUE

3.

Venue lies in this Court under 28 U.S.C. 1391(b)(2), as the events giving rise to this claim occurred within this judicial district.

## PARTIES

4.

Complainant, Theresa Richard, is a person of the full age of majority and a domiciliary of Acadia Parish, Louisiana.

5.

Made defendants herein are the following:

1. **KELLY P. GIBSON, individually and in his official capacity as police chief of the Crowley Police Department,** upon information and belief, a person of the full age of majority and a domiciliary of Acadia Parish, Louisiana.

2. **SCOTT FOGLEMAN,** upon information and belief, a person of the full age of majority and a domiciliary of Acadia Parish, Louisiana.

3. **SKEAT THIBODEAUX,** upon information and belief, a person of the full age of majority and a domiciliary of Acadia Parish, Louisiana.

4. **CITY OF CROWLEY**, a Lawrason Act municipality located in Acadia Parish, Louisiana.

6.

The right of jury trial is herein requested under the Federal Rules of Civil Procedure.

**FACTUAL ALLEGATIONS AND BACKGROUND**

7.

The City of Crowley is a Lawrason Act municipality, governed by the provisions of Louisiana Revised Statute 33:321, et seq. In a Lawrason Act municipality, the authority to hire police personnel is vested in the mayor and the board of aldermen, under Louisiana Revised Statutes 33:362(A)(3), which provides "subject to law… and applicable civil service rules and regulations, the board of aldermen shall, by ordinance, provide policies and procedures regulating the employment of municipal employees including the hiring and firing of such employees.

8.

The hiring and firing of police personnel remains within the authority of the municipal governing body, despite the language of Louisiana Revised Statute 33:423, which provides that an elected chief of police "shall make recommendations to the mayor and board of aldermen for

the appointment of police personnel, for the promotion of officers, to effect disciplinary action, and for the dismissal of police personnel".

9.

The City of Crowley operates under municipal fire and civil service law governed by the provisions of Louisiana Revised Statute 33:2471, et seq. which requires that the civil service board certify a list of names of persons eligible for appointment and that vacancies are filled form that list.

10.

Scott Fogleman and Skeat Thibodeaux were at all times relevant never formally commissioned law enforcement officers in the City of Crowley nor were they ever voted on by the Crowley City Council to act in such capacity. They never had arrest powers or the power to detain individuals under Color of Law on the dates of Complainant's false arrests as the City of Crowley never certified them as law enforcement officers.

11.

Therefore, on or about December 1, 2013, Scott Fogleman, not being a law enforcement officer, never had the lawful right to arrest and detain Complainant, but the City of Crowley and Kelly P. Gibson permitted Complainant to be falsely arrested and maliciously prosecuted.

12.

Therefore, on or about May 28, 2014, Skeat Thibodeaux, not being a law enforcement officer, never had the lawful right to arrest and detain Complainant, but the City of Crowley and Kelly P. Gibson permitted Complainant to be falsely arrested and maliciously prosecuted.

13.

As the City of Crowley and its Police Chief, Kelly P. Gibson, deliberately decided to appoint Scott Fogleman and Kelly P. Gibson to positions as law enforcement personnel despite never formally certifying or commissioning them in that position, the City of Crowley and Kelly P. Gibson have a policy and custom of enabling the impersonation of law enforcement officers, even though many qualified and certified candidates for the job are readily available throughout the city and state.

14.

As a background, based upon information and belief, the Crowley City Council and the mayor received recommendations from the Chie of Police for appointment of police personnel, for the promotion of officers, to effect disciplinary action, and for the dismissal of police personnel until April of 2008 at which time all such activity cease.

15.

In further support of the unlawful actions of the defendants, on October 6, 2014 in a response from City Attorney Thomas K. Regan to Complainant following a request for public records Mr. Regan indicated that there are twenty-seven (27) people working within the Crowley Police Department without the Council's approval.

16.

In a listing of personnel actions passed out at the October 8, 2014 meeting the form indicates that twenty-seven (27) employees of the Crowley Police Department were working without the Council's approval and one hundred twenty-three (123) employees of the Crowley Police Department had been promoted without the Council's approval (Exhibit C).

17.

The form indicates that Skeat Thibodeaux was issued a firearm, uniform, and other police equipment on July 8, 2013 without any action taken for employment by the Crowley Police Department and indicates that Mr. Thibodeaux doesn't have a civil service record on file.

18.

The form indicates that Scott Fogleman was issued a firearm, uniform, and other police equipment and was also promoted from recruit to probational police officer on an unknown date without any action taken for promotion by the Crowley City Council and indicates that Mr. Fogleman doesn't have a civil service record on file.

**FACTUAL ALLEGATIONS OF COMPLAINANT'S CLAIMS**

At all times pertinent, Complainant, Theresa Richard, affirms and attests that:

19.

On or about December 1, 2013, Complainant entered the Crowley Police Department, located at 426 North Avenue F, Crowley, Louisiana, 70526, recording the lobby of the building with her camera.

20.

Scott Fogleman, a person who claimed to be a lieutenant of the Crowley Police Department, demanded that Complainant "better not put that [video] on Facebook." Complainant asked Scott Fogleman what would happen if she did, to which he threatened, "Do it and find out what happens." Complainant asked Scott Fogleman if he was threatening her, to which he replied with a demand for her to leave the building. When Complainant asked why she

had to leave, Scott Fogleman ordered nearby officers to seize Complainant's camera and place her under false arrest.

21.

Complainant was thereafter falsely arrested and charged with Remaining After Being Forbidden.  Said charge was later dismissed on or about December 23, 2013.

22.

On or about May 28, 2014, Complainant was with her neighbor, Farrell Soileau, Jr., in front of his house located at 404 S. Avenue K, Crowley, Louisiana, 70526, when said neighbor called the police to report harassment he was receiving from other neighbors nearby.  Skeat Thibodeaux, a person who claimed to be a Crowley Police Department police officer, arrived to speak with Mr. Soileau, Jr. about the incident.  At that time, Complainant was in front of her car and attempted to record the interaction between Skeat Thibodeaux and Farrell Soileau, Jr. on her cell phone.  Skeat Thibodeaux demanded Complainant to get in her vehicle and to remain there while he spoke with Farrell Soileau, Jr.  Complainant informed Skeat Thibodeaux that she could not adequately record his interaction with Farrell Soileau, Jr., while she was in the car due to the sun glare, but that she would remain directly next to the vehicle and would not interfere with their interaction.  Skeat Thibodeaux demanded that Complainant get in her vehicle, to which Complainant refused, asserting her rights under the First Amendment to the United States Constitution.  Skeat Thibodeaux then placed Complainant under false arrest and unlawfully seized Complainant's cell phone.

23.

Complainant was thereafter falsely arrested and charged with Interfering with a Law Enforcement Investigation and Public Intimidation.  Both charges were later dismissed.

24.

Despite all of the aforementioned charges being dismissed, all charges remain on Complainant's record.

25.

Based on the above facts, Complainant was falsely arrested and maliciously prosecuted during the incidents occurring on or about December 1, 2013, and May 28, 2014. Complainant's right to video record all of the interactions occurring on the aforesaid dates are protected by the First Amendment to the United States Constitution, and the aforementioned arrests violated Complainant's right to be free from cruel and unusual punishment, including intimidation, degrading and cruel treatment, as guaranteed to complainant by the Eighth Amendment to the Unites States Constitution.

26.

As a direct and proximate result of the above-described incidents, Theresa Richard suffered injuries and is entitled to damages as follows:

   a. Violation of complainant's civil rights under 42 U.S.C. §1983;

   b. Mental anguish and emotional pain and suffering;

   c. Embarrassment and humiliation;

   d. Negligent issuing of police equipment, including identification, firearms, etc.;

   e. Punitive damages under 42 U.S.C. § 1983 against the individual defendants: Kelly P. Gibson, Scott Fogleman, and Skeat Thibodeaux; and

   f. Attorney's fees pursuant to 42 U.S.C. § 1988.

27.

Complainant, Theresa Richard, claims damages for the injuries set forth above under 42 U.S.C. § 1983 against the defendant, Kelly P. Gibson, both in his individual capacity and in his official capacity as Police Chief of the Crowley Police Department, for violation of her constitutional rights under Color of Law.

28.

Complainant, Theresa Richard, claims damages for the injuries set forth above under 42 U.S.C. § 1983 against the defendant, Scott Fogleman, both in his individual capacity and in his alleged official capacity as a lieutenant for the Crowley Police Department, for violation of her constitutional rights under Color of Law.

29.

Complainant, Theresa Richard, claims damages for the injuries set forth above under 42 U.S.C. § 1983 against the defendant, Skeat Thibodeaux, both in his individual capacity and in his alleged official capacity as a police officer for the Crowley Police Department, for violation of her constitutional rights under Color of Law.

30.

Based on the above facts, defendants Scott Fogleman and Skeat Thibodeaux committed false arrest, malicious prosecution and false imprisonment in violation of Louisiana state law.

31.

In the alternative, at all times material and present, defendants Scott Fogleman and Skeat Thibodeaux were allegedly acting within the course and scope of their employment with the Crowley Police Department, and therefore, Kelly P. Gibson, as the duly-appointed Police Chief of the Crowley Police Department, is vicariously liable pursuant to Louisiana state law for the false arrest, malicious prosecution and false imprisonment committed by alleged employees

Scott Fogleman and Skeat Thibodeaux.  In addition, at all times material and present, defendant Kelly P. Gibson was acting in the course and scope of his employment with defendant City of Crowley as the duly-appointed Police Chief of the Crowley Police Department.  Therefore, City of Crowley is vicariously liable for the acts and/or omissions of Kelly P. Gibson as outlined in the above facts.

32.

Defendant, Kelly P. Gibson, as the duly-appointed Police Chief of the Crowley Police Deparment, acted in violation of Louisiana Civil Code Article 2316 by negligently hiring, training, and supervising defendants Scott Fogleman and Skeat Thibodeaux regarding constitutional rights.  Further, Kelly P. Gibson intentionally allowed individuals without authority to arrest and detain Crowley citizens.

33.

As a direct and proximate cause of the negligence, intentional acts, and constitutional torts and violations of her civil rights under 42 U.S.C. § 1983 and other Louisiana laws, Complainant suffered damages including, but not limited to, severe mental anguish.

34.

Attached is a schedule of Attorney General opinions supporting the fact that defendants Scott Fogleman and Skeat Thibodeaux must have been hired by the City of Crowley and therefore, at all times relevant, they were never commissioned officers.

**WHEREFORE**, complainant, Theresa Richard, prays that a jury trial be had as to the issues triable by jury; that compensatory damages to be fixed by a jury against the defendants, individually, jointly and *in solido,* be awarded; that punitive damages under 42 U.S.C. § 1983 be

awarded to complainant against the individual defendant: Kelly P. Gibson, Scott Fogleman, and Skeat Thibodeaux; that all costs of this action be assessed against the defendants, individually, jointly and *in solido*; that attorney's fees be awarded herein to plaintiff and that such attorney's fees be assessed against the defendants, individually, jointly and *in solido*; and for any and all other relief that this Court deems just and proper.

Respectfully submitted:

**L. CLAYTON BURGESS, A P.L.C.**
605 West Congress Street
Lafayette, Louisiana 70501
Telephone:  (337) 234-7573
Facsimile: (337) 233-3890

_____
**L. CLAYTON BURGESS** (22979)
Attorney for Plaintiff