

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Richard                          Civil Action No. 14-cv-03439

versus                           Judge Richard T. Haik, Sr.

Gibson, et al                   Magistrate Judge C. Michael Hill

## MEMORANDUM ORDER

Before the Court is a Motion For Judgment On The Pleadings Under Rule 12(c) filed by Defendants the City of Crowley, K. P. Gibson, individually, and in his capacity as Chief of Police of the City of Crowley, and Scott Fogleman and Skeat Thibodeaux, each individually, and in his capacity as a police officer for the City of Crowley [Rec. Doc. 12], Plaintiff, Theresa Richard's, Memorandum in Opposition [Rec. Doc. 16] and Defendants' Reply [Rec. Doc. 17]. Oral argument is not necessary. For the following reasons, Defendants' motion will be granted.

### I. Background

This action was brought by Plaintiff pursuant to 42 U.S.C. § 1983 and Louisiana law for false arrest and malicious prosecution. Plaintiff alleges Defendants violated her First and Eighth Amendment rights when Folgeman and Thibodeaux arrested her on December 1, 2013.

## II. Legal Standard

Fed.R.Civ.P. 12(c) states as follows:

> After the pleadings are closed but within such time as not to delay trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment ... and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

"A motion for judgment on the pleadings must be sustained where the undisputed facts appearing in the pleadings, supplemented by any facts of which the court will take judicial notice, show that no relief can be granted." *J.M. Blythe Motor Lines Corp. v. Blalock*, 310 F.2d 77, 78-79 (5th Cir.1962).

The standard for dismissal on the pleadings under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6). *See Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 209 (5th Cir.2009). " '[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief.' " *Doe v. Myspace, Inc.*, 528 F.3d 413, 418 (5th Cir.2008). To avoid dismissal, a plaintiff must plead sufficient facts to " 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Id.* The Court does "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir.2005); *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

### *III. Analysis*

Defendants contend that Plaintiff's § 1983 and Louisiana state law claims for false arrest relating to her December 1, 2013 arrest are prescribed and should be dismissed with prejudice. They further contend that Plaintiff's cause of action for an alleged violation of the Eighth Amendment should also be dismissed with prejudice because such actions apply only to the protection of prisoners, not pretrial detainees such as Plaintiff.

Because Plaintiff concedes that the Eighth Amendment does not apply in this case, the Court will dismiss her claim under the Eighth Amendment. Thus, the Court will consider whether or not Plaintiff's false arrest claims under both state law and § 1983 are barred by prescription and/or the statute of limitations.

For a § 1983 action, the court looks to the forum state's personal-injury limitations period. *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir.1994). In

Louisiana, that period is one year.[1] *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir.1989). On the other hand, federal law determines when a § 1983 claim accrues. *Moore*, 30 F.3d at 620. A claim for false arrest accrues on the date of the arrest. *Id.* at 620–21 (holding claim for false imprisonment accrued on the date of the arrest when the plaintiff was aware that he had suffered an injury or had sufficient information to know that he was injured). Thus, Plaintiff's cause of action accrued at the time of her arrest and release on December 1, 2013. Plaintiff did not file her complaint until December 12, 2014, beyond the one-year statute of limitations set forth in La. Civ. Code art. 3492. Plaintiff's state and federal law claims for false arrest are therefore barred by Louisiana's one year prescriptive period for tort actions.

Plaintiff argues that because her false arrest claim is "essentially part" of her broader malicious prosecution claim, the Court should find that the false arrest claim accrued at the same time as the malicious prosecution claim—the termination of prosecution. As Plaintiff's criminal charges were not dismissed until December 23, 2013, she contends her false arrest claims would be filed timely. Plaintiff further states that in the event the Court finds her false arrest claims are untimely, her "other claims arising out of said incident were timely filed."

---

[1] Civil Code Article 3492 provides that "[d]elictual actions are subject to a liberative prescription of one year ..."

4

In *Wallace v. Kato*, 549 U.S. 384 (2007), the Court explained that false arrest and malicious prosecutions are "entirely distinct" torts. *Id.* at 390. Unlike false arrest, a malicious prosecution cause of action "remedies detention accompanied by wrongful institution of legal process." *Id.* Just as in *Wallace*, the Court finds that Plaintiff's False Arrest claim under 42 U.S.C. § 1983 and Louisiana State law is time barred.

While Plaintiff requests in her Opposition Memorandum that the Court grant her leave to "clarify" her pleadings in the event her complaint does not fully explain her claims, the Court finds that any such *clarification* related to the issues addressed in the foregoing would be futile. The Court notes that the deadline to file any *amendments* to the pleadings is November 11, 2015. R. 11.

Accordingly,

**IT IS ORDERED** that Defendants' Motion For Judgment On The Pleadings Under Rule 12(c) [Rec. Doc. 12] is **GRANTED** and Plaintiff's Eighth Amendment and False Arrest claims are **DISMISSED WITH PREJUDICE.**

**THUS DONE AND SIGNED** in Lafayette, Louisiana, this 15th day of June.

Richard T. Haik, Sr.
United States District Judge